**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:18-CR-177-ADA** |
| | § | |
| **WILSON COZART JR** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2). The Defendant was sentenced to thirty (30) months imprisonment, followed by a three (3) year term of supervised release.  Defendant was released to supervision on August 9, 2024.

On February 10, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not

be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

>**Violation Number 1:** The defendant violated standard condition number 1; The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
>
>**Violation Number 2:** The defendant violated standard condition number 5; The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
>**Violation Number 3:** The defendant violated standard condition number 5; The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
>**Violation Number 4:** The defendant violated Mandatory Condition Number 3; The defendant shall refrain from any unlawful use of a controlled substance.
>
>**Violation Number 5:** The defendant violated Mandatory Condition Number 3; The defendant shall refrain from any unlawful use of a controlled substance.
>
>**Violation Number 6:** The defendant violated Standard Condition Number 8; The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
>
>**Violation Number 7:** The defendant violated Mandatory Condition Number 7; If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Violation Number 8:** The defendant violated Mandatory Condition Number 8; The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

On March 11, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead TRUE as to violation numbers 1 through 8. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 through 8.
3. The Defendant had both a factual and rational understanding of the proceedings against him.
4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6. The Defendant was sane and mentally competent to stand trial for these proceedings.
7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.
8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and has no complaints about his attorney.

12. The Defendant understood that he has the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 8.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE to violation numbers 1 through 8.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on his term of supervised release with the following two modifications: (1) Defendant shall remain in custody until a position at in-patient substance abuse treatment facility that is acceptable to the probation officer becomes available; and (2) Defendant shall submit to testing for a prohibited substance if required by the probation officer. If Defendant commits a future violation of the terms of supervised release, the Defendant is to be brought before the undersigned for any hearing on the violation if possible.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE